**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MAURICE A. NEWSON,

      Petitioner,      Case Number: 2:08-CV-12306

v.               HON. VICTORIA A. ROBERTS

DEBRA SCUTT,

      Respondent.
                 /

**OPINION AND ORDER (1) DENYING PETITIONER'S MOTION FOR ENLARGEMENT UPON BAIL; (2) GRANTING PETITIONER'S MOTION FOR STAY OF THE PROCEEDINGS; AND (3) ADMINISTRATIVELY CLOSING CASE**

  Petitioner Maurice A. Newson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, challenges his convictions for assault with intent to murder, felony firearm, possession with intent to deliver 50-449 grams of cocaine, and fleeing and eluding. Petitioner has now filed a Motion for Stay of the Proceedings so that he may return to state court to present unexhausted claims. Also before the Court is Petitioner's Motion for Enlargement Upon Bail.

**I.**

  Following a jury trial in Bay County Circuit Court, Petitioner was convicted of assault with intent to murder, possession with intent to deliver between 50 and 450 grams of cocaine, fleeing and eluding a police officer, and possession of a firearm during the commission of a felony. On November 17, 2004, he was sentenced to 18 to 36 years for the assault conviction, 10 to 20 years for the possession with intent to deliver conviction, and 2-1/2 to 5 years for the

fleeing and eluding conviction, to be served concurrently with one another and consecutively to 2 years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

    I.    Defendant is entitled to a new trial because his constitutional right to the effective assistance of counsel was denied where counsel failed to request an accident instruction in this case where specific intent was an essential element of the charged offense of assault with intent to murder.

    II.    The evidence produced at trial was insufficient to support a finding that the defendant assaulted the complainant with intent to murder.

    III.    Where the prosecutor failed to present sufficient evidence that defendant possessed the cocaine found in his girlfriend's apartment, his conviction for possession with intent to deliver 50-449 grams of cocaine must be vacated.

    IV.    Defendant is entitled to resentencing because the statutory sentencing guidelines were scored as to offense variables 1, 2, and 3, in violation of the Sixth and Fourteenth Amendments.

    V.    The admission of irrelevant evidence did prejudice the defendant, as to deny him a fair trial.

    VI.    The defendant was denied the right to be tried in the presence of an impartial jury drawn from a fair cross section of the community.

    VII.    The defendant was denied a fair trial when the court overruled the argument of admitting the character evidence of the witness'/victim's pending charges, as to prove the witness/victim was in fact a hostile person.

    VIII.    Was the trial court without proper jurisdiction to issue an arrest warrant, due to the insufficiency of the complaint, and also a violation of defendant's 4th, 5th, and 6th amendment rights of the U.S. Constitution.

    IX.    The state court judgment of sentence is unconstitutional void and unenforceable where the state court was without jurisdiction or authority to render the judgment and, in any event, defendant holds superior title and claim thereto.

    X.    Defendant is entitled to immediate release from the unconstitutional restraint upon his liberty where the attorneys (state agents) perpetrated fraud upon him and

XI. The circuit courts of the state of Michigan are Article I courts under the United States Constitution and impermissibly obtained jurisdiction over defendant, a *de jure* American citizen and sovereign, by means of fraud and misrepresentation whereby defendant was arbitrarily stripped of his original constitutional rights and thereafter collusively made and joined to the so-called Fourteenth Amendment, which is a vitiated version of defendant's original constitutional rights.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Newson*, No. 259715 (Mich. Ct. App. July 18, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Newson*, No. 132043 (Mich. Feb. 27, 2007). Petitioner filed a motion for reconsideration, which was denied on May 30, 2007. *People v. Newson*, No. 132043 (Mich. May 30, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same claims raised on direct review in state court.

## II.

### A.

Petitioner seeks a stay in this matter because he wishes to properly federalize certain of the claims raised in his habeas petition and to raise additional claims which have not been exhausted in state court. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

If outright dismissal of a habeas petition containing unexhausted claims would jeopardize

the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). If the Court dismisses the current petition, Petitioner's ability to timely re-file a petition for writ of habeas corpus following the exhaustion of his issues in the state courts will be placed in jeopardy because, at most, only three months remain in the limitations period.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. section 2244, to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir.2003). The statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. See 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's motion for reconsideration of the denial of his application for leave to appeal on May 30, 2007. Petitioner's conviction became final ninety days later, on August 28, 2007, when the deadline for filing a petition for writ of certiorari in the United States Supreme Court expired. Although Petitioner filed his petition in this Court on May 28, 2008, the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, unless equitably tolled, the limitations period expired on August 28, 2008, while the petition has been pending in this Court. Moreover, even if the limitations period is equitably tolled during the pendency of this action, only three months remain in the limitations period. Accordingly, the Court finds that outright dismissal of the petition would jeopardize the

4

timeliness of any future habeas petition. Therefore, the Court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of his unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781 (internal quotation omitted).

**B.**

Also before the Court is Petitioner's "Motion for Enlargement Upon Bail Pending Resolution of His Habeas Corpus Petition."

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Where the court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether

5

exceptional circumstances exist which deserve special treatment in the interest of justice. *Id.* Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner alleges his ill health warrants his release on bond. While a prisoner's deteriorating health *may* warrant release on bond during the pendency of a habeas corpus petition, *Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992), a prisoner must still show that there is a substantial claim of a constitutional violation. *Puertas v. Overton*, 272 F. Supp. 2d 621, 630 (E.D. Mich. 2003). Petitioner has not, at this point in the proceedings, established a substantial claim of law. Therefore, the Court denies the motion.

### III.

Accordingly, it is **ORDERED** that Petitioner's "Motion for Stay of the Proceedings" [dkt. # 14] is **GRANTED** and the petition for writ of habeas corpus is **STAYED**. Petitioner shall file a motion for relief from judgment with the state trial court within sixty days from the date of this Order. If Petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file an amended petition in this Court within sixty days after the conclusion of the state court proceedings. If, and when, Petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court

6

**CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that Petitioner's "Motion for Enlargement Upon Bail Pending Resolution of His Habeas Corpus Petition" [dkt. # 13] is **DENIED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: November 5, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and Maurice A. Newson by electronic means or U.S. Mail on November 5, 2008.
>
> s/Carol A. Pinegar  
> Deputy Clerk